**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **ALLEN WAYNE SCHOFIELD, #118173,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:23-CV-322-RAH-SMD** |
| | ) | |
| **SCOTTY SCHAFFER, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM OPINION AND ORDER

## INTRODUCTION

This case is before the Court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1) filed by Alabama state inmate Allen Wayne Schofield. Schofield asserts the following in his petition – Ground I: his right to due process was violated during trial when Investigator Kleitsch presented "speculation/hearsay testimony" as to the age of the victims (doc. 1-1 at 9); Ground II: his Sixth and Fourteenth Amendment rights were violated when his trial counsel rendered ineffective assistance of counsel by failing to object to the testimony described in Ground I (doc. 1-1 at 10); Ground III: his due process rights were violated by Investigator Kleitsch's testimony that the offenses occurred in Butler County (doc. 1-1 at 12); Ground IV: his due process rights were violated when the State submitted the testimony of Susan Sorrells regarding a prior investigation of which she had limited personal knowledge (doc. 1-1 at 14); Ground V: his sentences for first-degree sexual abuse and first-degree sodomy violate the prohibition against double jeopardy (doc. 1-1 at 15); and Ground VI: his Sixth Amendment rights were

violated when trial counsel was ineffective in failing to object to the speculative and hearsay testimony of Kleitsch, Sorrells, and Angela Rouse (doc. 1-1 at 23). Respondents assert that Schofield's claims are unexhausted and procedurally defaulted. (Doc. 12; Doc. 17.)

For the following reasons, Schofield's § 2254 petition will be denied without an evidentiary hearing as unexhausted and procedurally defaulted. A certificate of appealability will not be issued.

**BACKGROUND**

On June 13, 2018, a jury convicted Schofield in the Circuit Court of Butler County, Alabama, on eighteen counts of sex abuse and sodomy involving four minor family members.[1] The Butler County Circuit Court sentenced him to life in prison on six of the counts, thirty years on eleven counts, and time served on one count.

Schofield filed a notice of appeal, and the state court appointed appellate counsel. (Doc. 12-5 at 39, 98, 102.) On direct appeal, Schofield argued that (1) his due process rights were violated by the introduction of speculative and hearsay evidence of the ages of Schofield and the victims, (2) his due process rights were violated when the State introduced testimony from Investigator Kleitsch that the offenses occurred in Butler County, and (3) his due process rights were violated when retired agents from the Alabama Department of Human Resources (DHR) testified about a prior investigation into the victims and introduced a document written by a third party that unfairly tainted the jury. (Doc. 12-9 at 12–13.)

The Alabama Court of Criminal Appeals (ACCA) affirmed Schofield's convictions and sentences on August 16, 2019. (Doc. 12-12.) As the court found, none of the issues raised by Schofield were properly preserved by contemporaneous

---

[1] The indictment issued in 2015 charged Schofield with several incidents of sexual abuse and/or sodomy occurring between 1979 and 1984.

objection at trial. (*Id.* at 4.) At the same time, the court found Schofield's claim about the testimony of the victims' ages to be meritless because the victims' own testimony was sufficient. (*Id.* at 6–8.) Likewise, Schofield's claim about the location of the incidents was meritless because Kleitsch identified photographs of the locations and testified that each location was within Butler County. (*Id.* at 8.) The victims also testified that the offenses occurred in Butler County. (*Id.*) A certificate of judgment was issued by the ACCA on September 4, 2019. (Doc. 12-13.)

Schofield did not file an application for rehearing. Instead, he filed a petition for writ of certiorari in the Alabama Supreme Court on September 6, 2019. (Doc. 12-14.) On September 16, 2019, the court issued an order to show cause why Schofield's petition should not be stricken as improperly brought under Rule 39 of the Alabama Rules of Appellate Procedure because Schofield never sought rehearing with the ACCA. (Doc. 12-15.) Schofield responded that he was following his attorney's instructions. (Doc. 12-16.) On October 2, 2019, the court struck Schofield's petition as untimely. (Doc. 12-17.)

On December 4, 2019, Schofield filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure in the state trial court. (Doc. 12-19 at 38–66.) In his petition, Schofield argued that (1) his multiple convictions for first-degree sexual abuse violated double jeopardy; (2) his multiple convictions for first-degree sodomy violated double jeopardy; (3) trial counsel was ineffective for failing to object to the hearsay testimony of Kleitsch, Sorrells, and Rouse regarding a 1983 investigation of a complaint made by one of his victims; and (4) trial counsel was ineffective for failing to challenge the sufficiency of the State's case against him for sexual abuse and sodomy.[2] (*Id.* at 57–64.)

---

[2]While Schofield's Rule 32 petition was still pending in the state trial court, Schofield filed a 28 U.S.C. § 2254 petition for habeas corpus in this Court. That petition was dismissed without prejudice because Schofield's Rule 32 petition was still pending and he had not exhausted his state

On May 26, 2021, the state trial court denied Schofield's Rule 32 petition. (Doc. 12-18 at 56–58.) As the court found, his double jeopardy claims lacked merit because there was testimony at trial about each victim to support a finding that Schofield sexually abused or sodomized them on numerous occasions and there was evidence of separate and distinct acts constituting separate criminal offenses. (*Id*. at 57.) The court also noted that these claims were precluded because they could have been addressed at trial or on direct appeal but were not. (*Id.*)

As to Schofield's claims of ineffective assistance of counsel, the trial court found that Schofield showed no action on the part of his trial counsel that would have changed the decision of the jury. (*Id.*) The court had observed counsel's representation during trial and found that his performance was not deficient. (*Id.*) As a result, the court found that Schofield's claims were without merit, that they were precluded by Rules 32.2(a)(3) and 32.2(a)(5) because they could have been raised at trial or on direct appeal, and that the ineffective assistance claims failed to comply with Rule 32.6(b) because they were bare allegations without specific factual support. (*Id.* at 58.) The court therefore denied Schofield relief. (*Id.*)

Schofield filed a motion to reconsider in the trial court (doc. 12-18 at 58–63) and a subsequent notice of appeal to the ACCA (doc. 12-20 at 11). On appeal, he argued the same issues presented in his Rule 32 petition, as well as two new ones. (Doc. 12-21 at 1–35.) As to the new ones, he claimed his sentence was illegal because he was found guilty on a charge for which he was not indicted and his due process rights were violated because he was convicted of sexual abuse after the statute of limitations had expired. (*Id.* at 29–39.)

---

court remedies. *See Schofield v. Givens*, No. 2:21-CV-173-RAH-SRW, 2021 WL 1910036 (M.D. Ala. May 12, 2021).

On June 24, 2022, the ACCA issued a memorandum decision affirming the trial court's judgment on Schofield's Rule 32 petition. (Doc. 12-24.) First, the court declined to rule on the two new issues that were not raised before denial of the initial Rule 32 petition. (*Id.* at 5.) As to the double jeopardy claims, the court found it was not a double jeopardy violation to convict a defendant of the same crime when the same crime occurred on multiple occasions. (*Id.* at 7–8.) That is, Schofield had not set forth facts showing he was being punished twice for the same act or offense, so his claims were insufficiently pleaded. (*Id.* at 8.) The court also found that his claims of ineffective assistance of counsel were insufficiently pleaded, as he failed to include facts showing counsel's performance fell below an objective standard of reasonableness or that there was a reasonable possibility that the result would have been different but for counsel's errors. (*Id.*) Consequently, the court found Schofield was entitled to no relief and affirmed the judgment. (*Id.* at 9.)

Schofield applied for rehearing, but the ACCA overruled the application. (Doc. 12-25; Doc. 12-26.) Schofield filed a petition for writ of certiorari in the Alabama Supreme Court on July 22, 2022. (Doc. 12-27.) That court denied the writ on October 14, 2022, without opinion, and issued a certificate of judgment. (Doc. 12-28; Doc. 12-29.) The instant petition was timely filed on March 3, 2023. (Doc. 1-1 at 28; Doc. 12 at 9.)

## DISCUSSION

### A. Grounds I, III, and IV

A petitioner must exhaust state court remedies before seeking relief through a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1). This ensures the state has an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotations omitted)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989). To meet the exhaustion requirement, the federal habeas

petitioner must have "fairly presented to the state courts the substance of his federal habeas claim." *Lucas v. Sec'y, Dep't of Corrs.*, 682 F.3d 1342, 1353 (11th Cir. 2012) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal quotations omitted)). In other words, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This one complete round can be satisfied either through a direct appeal to the Alabama appellate courts or through a post-conviction petition for collateral review under Rule 32. *See Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

In Alabama, a complete round of the established appellate review process includes an appeal to the ACCA, an application for rehearing to that court, and a petition for discretionary review to the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); *see also Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004) ("A complete round of the state appellate process includes discretionary appellate review 'when that review is part of the ordinary appellate review procedure in the State.'"); *Wrenn v. Toney*, No. 21-13337-E, 2022 WL 966398, at *1 (11th Cir. Feb. 10, 2022) (finding claims procedurally barred because petitioner failed to exhaust claims, as he did not appeal denial of Rule 32 petition); *see also* Ala. R. Crim. P. 32.1(f), 32.2(c); Ala. R. App. P. 39 & 40.

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal

habeas.") (citations omitted); *see also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

Furthermore, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face, *see* 28 U.S.C. § 2254 Rule 4." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The Eleventh Circuit has affirmed sua sponte dismissals without prejudice for unexhausted habeas petitions. *See, e.g.*, *Esslinger v. Davis*, 44 F.3d 1515, 1524 (11th Cir. 1995).

Based on a review of Schofield's § 2254 petition and the state court record, Schofield failed to exhaust his state court remedies with respect to Ground I (his due process rights were violated when Kleitsch presented speculative or hearsay testimony about the victims' ages), Ground III (his due process rights were violated when Kleitsch testified the offenses occurred in Butler County), and Ground IV (his due process rights were violated when Sorrells testified about a prior investigation of which she had limited personal knowledge). These claims were brought before the ACCA on direct appeal. (Doc. 12-9 at 12–13.) Yet Schofield did not file for rehearing and his petition for writ of certiorari was struck by the Alabama Supreme Court as untimely. (Doc. 12-17.) As Schofield did not file for rehearing, Grounds I, III, and IV of his § 2254 petition are unexhausted.

Nor may Schofield return to the state courts to fully exhaust these claims now because any attempt to present them in a Rule 32 petition would be time-barred under the one-year limitation period or rejected as a successive petition. Ala. R. Crim. P. 32.2(b)–(d). Thus, these claims are unexhausted and procedurally defaulted.

**B. Grounds II, V, and VI**

A claim is also procedurally defaulted when the petitioner "never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court." *Carruth v. Comm'r, Alabama Dep't of Corr.*, 93 F.4th 1338, 1354–55 (11th Cir.), *cert. denied sub nom. Carruth v. Hamm*, 145 S. Ct.

208 (2024) (quoting *Bailey v. Nagle*, 172 F.3d 1299, 1302–03 (11th Cir. 1999) (internal quotations omitted)). As explained below, Grounds II, V, and VI were not raised on direct appeal or in Schofield's Rule 32 petition. While the claims he raises here are similar, the substance of each claim is different from what he raised before the state courts.

**(i) Ground II**

In Ground II, Schofield argues that his Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated when his trial counsel failed to make objections and move for a judgment of acquittal or curative instruction to Kleitsch's "speculative/hearsay testimony of the age requisite" described in Ground I of his § 2254 petition.[3] (Doc. 1-1 at 10–11.) Schofield references Kleitsch's testimony that he determined Schofield's offenses occurred 32 years prior and that he viewed the locations of the offenses "30-some-odd-years later." (Doc. 1-1 at 9–10.)

As mentioned above, Schofield raised no ineffective assistance of counsel claims on direct appeal. He argued that his due process rights were violated when the state introduced "speculative/hearsay" testimony about the ages of the victims,[4]

[3] The Fourteenth Amendment to the United States Constitution provides that no state may deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV. The Sixth Amendment provides an accused with the right to counsel. U.S. Const. amend. VI. Schofield's direct appeal argued that his due process rights were violated, but he made no claim that his right to counsel was violated. (*See generally* doc. 12-9.) Ground I of Schofield's § 2254 petition alleges that his due process rights were violated when Kleitsch presented speculative or hearsay testimony about the victims' ages (doc. 1-1 at 9). As explained above, this claim was not fully exhausted in state court, and the Court will not address it again here.

[4] Again, the ACCA found that his due process claim was not preserved for appeal but also that the claim was meritless because the victims testified to their ages at the time of the offenses. (Doc. 12-12 at 7.)

but he did not argue he was denied his constitutional right to effective assistance of counsel. (Doc. 12-9 at 12, 15–18.)

In his Rule 32 petition, Schofield included a claim of ineffective assistance of counsel, but it is not the same claim raised here. In his Rule 32 petition, he argued trial counsel was ineffective for failing to object to Kleitsch's "opinion testimony" and that this error was "compounded" when counsel failed to object to hearsay testimony by Sorrells and Rouse "about B.G.'s complaint in 1983 about Schofield abusing her. Trial counsel improperly allowed . . . inadmissible evidence corroborating B.G.'s weak allegations to be considered by the jury." (Doc. 12-19 at 62.) This is the only description of the alleged impermissible testimony in his Rule 32 petition; it contains no description at all of Kleitsch's alleged "opinion testimony." (*Id*. at 58–64.)

In affirming the trial court's summary dismissal of this claim, the ACCA held that his ineffective assistance of counsel claim was insufficiently pleaded because Schofield included no facts showing his attorney's performance fell below an objective standard of reasonableness or that there was a reasonable probability that the result of the proceeding would have been different. (Doc. 12-24 at 8.)

Accordingly, the Alabama state courts were never presented with whether Schofield's Sixth Amendment right to effective assistance of counsel was violated when trial counsel failed to object, move for a judgment of acquittal, or request a curative instruction when Kleitsch testified about the victim's ages. It is insufficient that Schofield raised a similar claim related to his due process rights in the state courts. *See Picard*, 404 U.S. at 275–76. While a petitioner need not "cite 'book and verse on the federal constitution,'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995), he must "alert[ ] [the state] court to the federal nature of the claim," *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). He accomplishes this only when a "reasonable reader would understand each claim's particular legal basis and specific factual foundation."

*Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344–45 (11th Cir. 2004). Once a petitioner has fairly presented his federal claim to the state trial and appellate courts, he must then "present that exact same claim to the federal courts—adjacent claims or nominally similar claims do not make the cut." *Green v. Sec'y, Dep't of Corr.*, 28 F.4th 1089, 1158 (11th Cir. 2022) (citing *Picard v. Connor*, 404 U.S. 270, 276 (1971)). The exhaustion rule "would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts." *Picard*, 404 U.S. at 276.

Here, the Alabama state courts did not have a chance to pass upon and correct the Sixth Amendment violation Schofield now asserts here. It was not raised on direct appeal, and the ineffective assistance of counsel claim in his Rule 32 petition was so lacking in factual foundation that the ACCA ruled it insufficiently pleaded and affirmed the trial court's order summarily dismissing the claim. (Doc. 12-24 at 8–9.) Schofield was required to "present the state courts with the same claim he urges upon the federal courts." (*Id.*) He did not do so here.

**(ii) Ground V**

In Ground V, Schofield argues his convictions for first-degree sexual abuse and first-degree sodomy violate the double jeopardy clause. (Doc. 1-1 at 15–22.) He did not raise this claim on direct appeal, and, while his Rule 32 petition contained a double jeopardy claim, the substance of his arguments is markedly different here.

In his Rule 32 petition, Schofield argued that, although B.G. "testified that Schofield put his finger inside her vagina more than once, the evidence indicate[d] that the sexual abuse arose from a single incident in the bedroom," meaning he was prosecuted for multiple charges stemming from the same incident in violation of the double jeopardy clause. (Doc. 12-19 at 53–54.) He made the same argument regarding his first-degree sodomy charges and claimed B.G. testified about his "continuing course of conduct – not specific instances of abuse." (*Id.* at 55–57.)

In his § 2254 petition, Schofield argues that his convictions for first-degree sexual abuse and first-degree sodomy violate the double jeopardy clause because there were four victims and, even though they were "multiple persons," the state "charged the same offense twice or more, and crimes which are lesser included offenses of each other." (Doc. 1-1 at 18 (internal quotations omitted)). He argues, for example, regarding B.G., that charging him for sexual abuse of a minor less than 12, sexual abuse based on force, and sexual abuse of a child more than 12 violates double jeopardy, particularly when the last charge is a lesser-included offense of the first two. (*Id.*) This argument regarding the number of victims and lesser-included offenses was never raised on direct appeal, and it was not raised in his Rule 32 petition, where he argued only that the double jeopardy clause was violated because all charges related to B.G. stemmed from a single incident. As a result, the Alabama state courts were never offered an opportunity to rule on the issue. *See Picard*, 404 U.S. at 275–76.

Schofield contends in his response to Respondents' Amended Answer that Respondents have "defaulted" their argument as to Ground V because they did not separately address the double jeopardy claim by name in their briefing. (Doc. 21 at 8 ("Petitioner would like to remind the respondents that they have not argued the Five (V.) . . . on [d]ouble [j]eopardy[,] meaning that the respondents have defaulted in answer such issue.").) This is wrong. Respondents' Amended Answer expressly identified double jeopardy as one of the three issues raised in the petition and argued, without exception, that all of Schofield's claims — including the double jeopardy claim — are unexhausted and procedurally defaulted. (Doc. 12 at 7, 9–11.) A respondent's exhaustion defense is not forfeited merely because its brief does not address a claim with the same level of granularity the petitioner uses. Nor may a state waive the exhaustion requirement by implication, since waiver of exhaustion requires an express statement to that effect. 28 U.S.C. § 2254(b)(3). Having

independently reviewed the state court record as to Ground V, the Court agrees with Respondents that this claim, too, is unexhausted and procedurally defaulted for the reasons explained above.

**(iii) Ground VI**

In Ground VI of his § 2254 petition, Schofield alleges his right to effective assistance of trial counsel was violated when counsel failed to object to the hearsay testimony of Kleitsch, Sorrells, and Rouse. (Doc. 1-1 at 23.)

With respect to Kleitsch, this claim is based on the same testimony as the ineffective assistance of counsel claim in Ground II regarding the ages of the victims and location of the offenses. (*See* doc. 1-1 at 9–10, 23–24.) As explained above, Schofield is entitled to no relief on this ground because it was never presented to the Alabama state courts for their review and is procedurally defaulted.

With respect to Rouse's testimony, Schofield claims in his § 2254 petition that trial counsel was ineffective for failing to object to Rouse's "third party testimony of a description" of the abuse when she read a statement to the jury written by another DHR employee. (Doc. 1-1 at 26.) That statement said that Schofield "pulled the clothes off and tried to have sex with [a victim], this morning he whipped her." (*Id.*) But Schofield raised no ineffective assistance of counsel claims on direct appeal, and, in his Rule 32 petition, he argued only that counsel should have objected when Rouse was "allowed to testify about B.G.'s complaint in 1983 about Schofield abusing her" (doc. 12-19 at 62–64), which the ACCA later ruled was insufficiently pleaded. Schofield has never raised the issue that counsel was ineffective in failing to object to Rouse's reading of the third-party statement.

Finally, with respect to Sorrells's testimony, as with Rouse, the only ineffective assistance of counsel claim raised by Schofield concerned her testimony "about B.G.'s complaint in 1983 about Schofield abusing her" (doc. 12-19 at 62–64), which the ACCA held to be insufficiently pleaded. Thus, Schofield failed to

properly raise and exhaust any ineffective assistance of counsel claim based on a failure to object to Sorrells's testimony.[5]

Like the claims Schofield initially raised on direct appeal, Schofield may not return to the state courts to raise and exhaust the above claims because any Rule 32 petition would be time-barred under the one-year limitation period or rejected as a successive petition. Rule 32.2(b)–(d). Thus, they are unexhausted and procedurally defaulted.

**C. Overcoming the Procedural Default**

"A procedural default can be overcome if the petitioner demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice." *Carruth*, 93 F.4th at 1355 (internal quotations and citations omitted).

Schofield filed two responses to Respondents' arguments that his claims were procedurally defaulted. (Doc. 20; Doc. 21.) He asserts that his procedural defaults

[5] As another ground for denial of relief on this ground, Schofield's petition contains no details regarding the substance of Sorrells's testimony. (Doc. 1-1 at 24–25.) His only allegations about Sorrells are that she was retired when she testified; she worked with the victims in foster care in 1983, not when they were in the custody of their mother and Schofield; she was not the primary case worker; she wrote no reports; she testified as a "third party speculative/hearsay witness" to events of which she had no personal knowledge; and she "got her third hand information from Ms. Rouse who had first hand information of the investigation regarding [the victims]." *Id*. On these allegations, without knowledge of what Sorrells said when she testified, the Court has no way of determining whether her testimony was, in fact, speculation or hearsay. A mere allegation that testimony was based on speculation or hearsay—without providing details of the testimony—is insufficient to satisfy the heightened pleading requirements governing federal habeas petitions. *See, e.g.*, *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("[T]he petition must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'") (quoting Rule 2(c) of the Rules Governing Section 2254 Cases); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (holding that "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal") (citations omitted). Accordingly, even if Schofield had properly exhausted an ineffective assistance of counsel claim regarding Sorrells's testimony, his claim here is conclusory and fails to state a valid claim for relief under 28 U.S.C. § 2254.

should be excused because "his attorney's errors during appeal on direct review may provide cause to excuse a procedural default, for if the attorney appointed by the State to pursue the direct appeal is ineffective, the petitioner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claims." (Doc. 20 at 16.) Still, "[a]ttorney negligence does not generally constitute cause to excuse procedural default unless it rises to the level of ineffective assistance of counsel." *Davis v. Dunn*, No. 2:10-CV-00262-WKW-JTA, 2026 WL 228255, at *21 (M.D. Ala. Jan. 28, 2026) (citing *Coleman*, 501 U.S. at 752–54). "As for prejudice, a habeas petitioner must show 'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions.'" *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)). As explained above, Schofield has failed to present a specific factual basis at any stage of his proceedings demonstrating that his trial or appellate counsel was constitutionally ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984), or that any alleged errors worked to his actual and substantial disadvantage.

Schofield argues that his appellate counsel was ineffective in failing to file an application for rehearing after his direct appeal to the ACCA. (Doc. 21 at 5.) An application for rehearing is a discretionary review. Schofield had no right to Sixth Amendment counsel for the purposes of filing an application for rehearing or a petition for writ of certiorari with the Alabama Supreme Court. *See, e.g., Kennedy v. Crabtree*, No. 20-CV-83-KD-B, 2023 WL 2026548, at *8 (S.D. Ala. Jan. 23, 2023), *report and recommendation adopted,* No. CV 20-CV-83-KD-B, 2023 WL 2021715 (S.D. Ala. Feb. 15, 2023) (recognizing that inmate had no right to counsel for purpose of filing an application for rehearing or a petition for writ of certiorari because such review is discretionary) (citing *Kitchen v. Danials*, 2016 WL 4545331,

at *3 n.3 ("[B]ecause certiorari with the Alabama Supreme Court is a discretionary review, Petitioner had no Sixth Amendment right to counsel following the first round of direct appeal."); *Bailey v. Alabama*, 2022 WL 1599706, at *1 (N.D. Ala. May 20, 2022) ("[Petitioner] did not have a right to counsel to file an application for rehearing or a petition for certiorari since such review is discretionary."); *Hammond v. Warden*, 2015 WL 13928999, at *3 (11th Cir. Sept. 1, 2015) (finding appellate attorney's failure to file petition for certiorari in Alabama Supreme Court or to inform petitioner of post-appeal procedures did not constitute extraordinary circumstances for purposes of equitable tolling); and *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (per curiam) ("[A] criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in this Court.")). He did have counsel on direct appeal and that appellate counsel filed a direct appeal with the ACCA. But, because a rehearing with the ACCA is discretionary and Schofield had no right to counsel in the filing of an application for rehearing, "he could not be deprived of the effective assistance of counsel by his appointed counsel's failure to file an application for rehearing."[6] *Kinsey v. State,* 545 So. 2d 200, 203 (Ala. Crim. App. 1989).

Schofield also asserts, for the first time in his response to the Amended Answer, that appellate counsel "abandoned" him by waiting seven days to mail him the ACCA's August 16, 2019, decision, leaving him only two days of the fourteen-day window to seek rehearing, and that his inability to read or write compounded

---

[6] *See also Duvercy v. United States*, No. 25-10063, 2026 WL 2546582, at *1–2 (11th Cir. Aug. 28, 2026) (unpublished) (explaining that in *Carruth v. Comm'r, Ala. Dept. of Corr.*, *supra*, involving a § 2254 petition filed by a state prisoner, the court had "noted that there is no federal constitutional right to counsel for discretionary appeals" and, although petitioner's ineffective assistance of counsel claims were unexhausted and procedurally barred, the petitioner would "still lose on the substantive ineffectiveness claims under de novo review for (1) failing to file a certiorari petition and (2) failing to inform Carruth about the rehearing denial and counsel him about future appeals because there is no right to counsel for discretionary appeals") (internal quotations omitted).

the problem. (Doc. 21 at 4–5.) An attorney's *abandonment* of a client — as distinct from ordinary negligence — may constitute cause excusing a procedural default, because abandonment severs the principal-agent relationship on which the general rule of attorney-error attribution depends. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012) (explaining that ordinary attorney negligence does not qualify as cause, but that abandonment severs the principal-agent relationship such that counsel's conduct "cannot fairly be attributed to" the client). The record here does not reflect abandonment of the kind at issue in *Maples*, where the petitioner's attorneys of record left their law firm and took new positions that precluded them from continuing the representation, without ever informing their client, local counsel, or the court, such that no one was in fact acting on the petitioner's behalf when the critical filing deadline passed. *Id.* at 271–72. The Supreme Court held that the petitioner in that case had shown "ample cause" to excuse the resulting default because he was "trapped when counsel of record abandoned him without a word of warning." *Id.* at 289. Here, by contrast, appellate counsel did not disappear; the record reflects that counsel continued to correspond with Schofield throughout the direct appeal proceedings, including letters sent in February and August 2019 explaining the status of his case and the options remaining to him.[7] (Doc. 1-1 at 6.)

[7] As noted above, the ACCA affirmed Schofield's conviction on August 16, 2019. (Doc. 12-12 at 1.) Schofield states in his response to the Amended Answer that his appellate attorney wrote to him on August 23, 2019, informing him of the ACCA's decision, instructing him to "take action regarding a direct appeal in the Alabama Supreme court and or other filings that may benefit you," and advising him that his services were concluded. (Doc. 12-12 at 6.) Thus, Schofield was put on notice that his attorney no longer represented him, and it was his responsibility to determine how to proceed. Schofield was advised of the requirement to file an application for rehearing when the Alabama Supreme Court issued an order requiring him to show cause why his petition for writ of certiorari should not be stricken based on his failure to seek rehearing with the ACCA. (Doc. 12-15 at 1.) At that point, the proper procedure would have been to request permission from the ACCA to file an out-of-time application for rehearing pursuant to Rule 2(b) of the Alabama Rules of Appellate Procedure. *See State v. Martin*, 56 So. 3d 709, 725 (Ala. Crim. App. 2009), *aff'd sub nom. Ex parte Martin*, 56 So. 3d 726 (Ala. 2010) (in holding that trial court lacked authority to grant permission to file out-of-time application for rehearing, stating that petitioner should have

A several-day delay in relaying a decision, while regrettable, is ordinary attorney negligence rather than the complete severance of the attorney-client relationship *Maples* addressed. And because, as explained above, Schofield had no constitutional right to counsel in seeking discretionary rehearing in the first instance, no act or omission by counsel with respect to that filing can constitute constitutionally ineffective assistance capable of supplying cause. *Carruth*, 93 F.4th at 1355 (noting that attorney negligence is generally not good cause to excuse a procedural default and that attorney performance is only relevant if the procedural default stems from *constitutionally required* counsel's deficient performance) (emphasis in original) (citation omitted).

Aside from attorney errors, Schofield asserts that the trial transcript was unavailable until November 14, 2018, and that his appellate counsel could not have known about specific details from the trial without the transcript. (Doc. 20 at 16.) That said, the record shows his appellate brief was submitted on December 28, 2018 (doc. 12-9) and contained specific references to the trial transcript (*see* doc. 12-9 at 5). Schofield also claims he cannot read or write (doc. 20 at 16), but this limitation has not prevented him from submitting *pro se* filings asserting multiple grounds for relief from his convictions.[8] He contends he was unaware of his trial counsel's ineffective assistance of counsel until after he filed his Rule 32 petition (*id*. at 17), but the ACCA informed him in its opinion affirming his conviction that the issues raised on direct appeal were not preserved at trial. (Doc. 12-12.) He also argues he did not have counsel to file a Rule 32 petition, but there is no Sixth Amendment right

---

requested permission to do so from the Alabama Court of Criminal Appeals pursuant to Rule 2(b), Ala. R. App. P.).

[8] Along with the two habeas petitions filed in this Court, as well as two responses to Respondents' answer, in state court, Schofield filed a pro se Rule 32 petition (doc. 12-19), a motion to reconsider the denial of his Rule 32 petition (doc. 12-18 at 59), an appeal of the denial of the Rule 32 petition (doc. 12-21), and a petition for writ of certiorari to Alabama Supreme Court (doc. 12-27).

to counsel in collateral proceedings. *See Waldrop v. Thigpen*, 857 F. Supp. 872, 934 (N.D. Ala. 1994), *aff'd sub nom. Waldrop v. Jones*, 77 F.3d 1308 (11th Cir. 1996) (citing *Pennsylvania v. Finley,* 481 U.S. 551 (1987); *Coleman*, 501 U.S. 722 (1991)). Thus, this cannot serve as cause excusing the procedural default.

Finally, with respect to the requirement of showing that a fundamental miscarriage of justice will occur if the court does not consider his petition on the merits, Schofield asserts that he was in jail "when all [these] incidents was suppose to taken place" and that he "can show actual innocence because he was convicted of a crime that he had never been arraigned on, indicted for, or ever plead[ed] not guilty to."[9] (Doc. 20 at 18–19.) First, Schofield cites inmate records appearing to show that he was incarcerated in 1977, but they say nothing of his release date. (Doc. 12-5 at 124–126.) The indictments at issue here charged Schofield with offenses that occurred between January 1, 1979, and February 18, 1983. (Doc. 12-2 at 54–71.) Further, the record does not support his claim that he should have been tried only for violations of Ala. Code § 13A-6-69(1)(a) because, as he says, he was never indicted for violations of § 13A-6-66(a)(1) or (a)(3) or (a)(5). (Doc. 20 at 18–19.) But he in fact was indicted on four counts of violating § 13A-6-66(a)(1), and he was not charged or tried for violating § 13A-6-66(a)(3) or (a)(5).[10] (*See* doc. 12 at 2 (Respondents' Answer listing grand jury indictments) and doc. 12-2 (copies of indictments).)

"Fundamental miscarriages of justice occur only when a constitutional violation has probably resulted in the conviction of [an] innocent person." *Carruth*,

---

[9] Schofield raised no claim relating to his indictments in the instant § 2254 petition.

[10] In one section of his filing, Schofield references Ala. Code § 13A-6-66(a)(3) and in another he references § 13A-6-66(a)(5). (*See* doc. 20 at ¶¶ 28–29.) These statutes do not exist. To the extent Schofield intended to reference Ala. Code § 13A-6-63(a)(3), the record reflects that he was, in fact, indicted on four counts of violating this statute. (*See* doc. 12-2.) He has cited no evidence showing the indictments were dismissed, and the Court has found none.

93 F.4th at 1355 (internal quotations and citations omitted). "To determine if someone was actually innocent, petitioner must demonstrate it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* Schofield has failed to carry this burden. Consequently, his claims are procedurally defaulted, and no exception applies.

**CONCLUSION**

Based on a review of Schofield's § 2254 petition and the state court record, the Court finds that he has failed to exhaust his state court remedies regarding the claims in his current petition, and his claims are now procedurally defaulted. Exhaustion is a prerequisite to filing a § 2254 petition. Thus, the Court cannot address the merits of his § 2254 petition.

Accordingly, it is **ORDERED** that Petitioner Allen Wayne Schofield's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (doc. 1) is **DENIED** without an evidentiary hearing and this case is **DISMISSED** without prejudice for failure to exhaust his state court remedies. Because Petitioner has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not be issued. 28 U.S.C. § 2253.

Final judgment will be entered separately.

DONE, on this the 21st day of September 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE